1/26/2017 4:44:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14972097
By: Nelson Cuero
Filed: 1/26/2017 4:44:18 PM

CAUSE NO. _____

| | | |
|---|---|---|
| RUBEN TELLO<br>　　Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| RAMIZ BUTKOVIC,<br>JBT TRANSPORT, INC., AND<br>1676813 ONTARIO, INC. D/B/A<br>ZELT TRANSPORT<br>　　Defendants | §<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

COMES NOW RUBEN TELLO, Plaintiff, complaining of RAMIZ BUTKOVIC, JBT TRANSPORT, INC., AND 1676813 ONTARIO, INC. D/B/A ZELT TRANSPORT, Defendants, and for cause of action shows:

### A. APPLICABLE DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of the Texas Rule of Civil Procedure 190.3.

### B. PARTIES

2. Plaintiff, RUBEN TELLO, is an individual and a resident of Harris County, Texas.

3. Defendant, RAMIZ BUTKOVIC, is an individual who is a non-resident of Texas and may be served with process by serving him at his home address: 208-112 Breckenridge Dr., Kitchener, Canada N2B2N, or wherever else he may be found.

2017-05576 / Court: 165

Plaintiff's Original Petition-1

**EXHIBIT C-1**

4. Defendant, JBT TRANSPORT, INC., is a foreign company organized doing business in the State of Texas and may be served with process by serving the company's President, Denis Medeiros at 235 Waydom drive, RR1, AYR, Ontario, N0B1E0.

5. Defendant, 1676813 ONTARIO, INC. D/B/A ZELT TRANSPORT, is a foreign company doing business in the State of Texas and may be served with process by serving its registered agent, William E. Knox at 9212 Blarney Stone Way, Forney, Texas 75126.

## C. VENUE AND JURISDICTION

6. Venue is proper in Harris County, Texas, because all or a substantial part of the events or omissions occurred in Harris County, Texas.

7. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Court.

## D. FACTS

8. This lawsuit results from an automobile accident which occurred on Sunday, January 20, 2015 at the intersection of the 5900 block of Elysian St. and 1700 Kelley St. in Houston Harris County, Texas.

9. Plaintiff, RUBEN TELLO, was the driver of a 2001 white Ford F150 pick-up, traveling eastbound on 1700 Kelley St. in Houston Harris County, Texas.

10. Defendant, RAMIZ BUTKOVIC, was the driver of a 2006 white Freghtliner Columbia, owned by defendants JBT TRANSPORT, INC. AND/OR 1676813 ONTATIO, INC. D/B/A ZELT TRANSPORT and was traveling northbound on the 5900 block of Elysian St. in Houston, Harris County, Texas.

Plaintiff's Original Petition-2

11. On said occasion, as Plaintiff was crossing the intersection on a green light, Defendant, RAMIZ BUTKOVIC, suddenly and without warning, failed to control speed, disregarded the red light at the intersection, entered the intersection and crashed into Plaintiff's vehicle.

12. This accident caused serious injuries to Plaintiff as well as property damage.

### E. RESPONDEAT SUPERIOR

13. At all times relevant hereto, Defendant, RAMIZ BUTKOVIC, was acting in the course and scope of his employment with Defendants, JBT TRANSPORT, INC. AND/OR 1676813 ONTATIO, INC. D/B/A ZELT TRANSPORT.

### F. NEGLIGENCE OF RAMIZ BUTKOVIC

14. At the time of the accident, Defendant was operating his vehicle negligently. Defendant's negligence was the proximate cause of Plaintiff's injuries. Defendant had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant breached that duty in one or more of the following ways:

   a. failed to timely apply his brakes;

   b. failed to maintain a proper lookout;

   c. failed to turn the vehicle to avoid the collision;

   d. drove the vehicle at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances;

   e. failed to take proper evasive action; and

   f. failed to stop at a red light

### G. NEGLIGENCE PER SE OF RAMIZ BUTKOVIC

15. Defendant's conduct was negligence per se because Defendant breached a duty imposed by statute. Defendant's breach caused Plaintiff's injuries. Specifically, Defendant breached the duty imposed by statute by violating the following:

   a. *Transp. Code § 545.351:* Driving the vehicle at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances;

   b. *Tex. Transp. Code § 545.151;* An operator approaching an intersection after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic; and

   c. *Tex. Transp. Code § 544.007.* Failing to stop at a red signal.

### H.  NEGLIGENCE OF DEFENDANT J.B.T. TRANSPORT, INC. AND/OR 1676813 ONTARIO, INC. D/B/A ZELT TRANSPORT

16. Plaintiff would show that defendants, JBT TRANSPORT, INC. AND/OR 1676813 ONTATIO, INC. D/B/A ZELT TRANSPORT were negligent and negligent per se at the time of the accident described above. Plaintiff would show that defendant, RAMIZ BUTKOVIC, was an agent, servant and/or employee of JBT TRANSPORT, INC. AND/OR 1676813 ONTATIO, INC. D/B/A ZELT TRANSPORT within the course and scope of his employment as such agent, servant and/or employee when the accident made the basis of this suit occurred. As such, Defendants, of JBT TRANSPORT, INC. AND/OR 1676813 ONTARIO, INC. D/B/A ZELT TRANSPORT, are liable for the negligence and negligence per se of Defendant, RAMIZ BUTKOVIC, under the theory of respondent superior.

Plaintiff's Original Petition-4

## I. DAMAGES

17. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe and painful injuries. As a result of Plaintiff's injuries, Plaintiff suffered the following damages, which are within the jurisdictional limits of this Court:

   a. Physical pain in the past, present and future;

   b. Mental anguish in the past, present and future;

   c. Medical expenses in the past, present and future;

   d. Physical impairment in the past, present and future;

   e. Physical disfigurement

   e. Lost wages;

   f. Loss of earning capacity; and

   g. Property damage.

## J. PRAYER

18. Plaintiff has suffered in the past and will suffer in the future bodily injuries as a result of the accident made the basis of this suit. Upon trial of this cause, Plaintiff will respectfully request the Court or jury to determine the amount of loss that Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry as a direct and proximate result of Defendants' negligence. There are certain elements of damages provided by law that Plaintiff is entitled to have the Court or jury in this case consider to determine the sum of money, for each element, that will fairly and reasonably compensate his for the injuries, damages and losses incurred in the past and to be incurred in the future.

19. Plaintiff believes that a fair and reasonable assessment of the damages and losses sustained as a result of Defendants' acts, omissions and/or conduct is within the jurisdictional limits of this Court.

Plaintiff's Original Petition-5

20. Under Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to state the amount of monetary relief sought. Plaintiff believes each element of damage referenced above and sought by Plaintiff is solely within the sound discretion of the jury and will rely on the jury to determine the amount of damages to be awarded to Plaintiff. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, and in order to comply with the Rule only, Plaintiff shall ask the jury to award them more than $200,000.00 but not more than $1,000,000.00 in the aggregate for all elements of recovery. Notwithstanding this required Rule 47 disclosure, the Plaintiff relies upon the good judgment of the jury. Plaintiff reserves the right to amend this amount prior to trial.

## K. REQUEST FOR DISCLOSURE

21. Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

GOMEL & ASSOCIATES, P.C.

By: _____

Corey Gomel
SBN: 08115150
Dominique Bartholet
SBN: 24034335
1177 West Loop South, Suite 1400
Houston, Texas 77027
(713) 961-7777 Telephone
(713) 961-7773 Facsimile
dbartholet@713abogado.com
ATTORNEYS FOR PLAINTIFF